Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4958 | **DATE** | 7/14/2011 |
| **CASE TITLE** | Laura Walsh, et al. Vs. Michael G. Chez, M.D. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Vacate the Dismissal and Petition for Distribution of Settlement [378] is granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On June 21, 2011, counsel for plaintiffs' filed a Motion to Vacate the Dismissal and Petition for Distribution of Settlement [378] for the reasons that follow the motion is granted in part and denied in part.

The motion includes a request for this Court to approve attorney fees pursuant to 735 ILCS 5/2-114(c) totaling one-third of the total settlement amount of $402,500. This Court declines to award the extraordinary fees requested, finding a lack of supporting evidence to show this matter involved more than the usual time and effort for a medical negligence case of this nature. The Court will award counsel the statutory fees pursuant to section 2-1114(a). Therefore, counsel is granted $113,125 in attorney fees.

Plaintiffs' counsel also requested $41,674.82 in "litigation costs," while providing itemization of the costs for $34,864.81. This Court requested further documentation and explanation of the expenses, which counsel provided. The Court, having reviewed the submissions and documentation, finds as follows:

This Court disallows plaintiff's request to recover costs for legal research on Westlaw and Pacer. The Seventh Circuit has held that costs associated with computerized legal research are not considered 'costs' but rather part of the attorney's fees award. <u>Angevine v. WaterSaver Faucet Co.</u>, 2003 WL 23019165, at *9 (N.D. Ill. Dec. 23, 2003) (citing <u>Haroco, Inc. v. American Natl. Bank and Trust Co. of Chicago</u>, 38 F.3d 1429, 1440-41 (7th Cir. 1994)). Charges for Pacer research falls into the same category as Westlaw computerized research charges and are not recoverable as costs under Section 1920. Angevine, 2003 WL 23019165, at *9.

The Court also rejects plaintiff's request to recover travel expenses incurred by six attorneys to attend motion hearings, court appearances and settlement conferences. For example, plaintiff seeks to recover $678.51 in expenses incurred by attorney Magdalena Dworak to travel to and from the courthouse, park, stay

| **STATEMENT** |
|---|

at a hotel and other miscellaneous expenses from May 25, 2011 to June 1, 2011.

Attorney travel expenses are "the sort of thing a lawyer includes on a bill for professional services" and are not recoverable as costs. Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp., 1999 WL 669226, at *4 (N.D. Ill. Aug. 27, 1999), aff'd 223 F.3d 585 (7th Cir. 2000). Travel expenses that are not recoverable as costs include those expenses incurred by attending pretrial conferences, and trial as well as airfare, lodging and parking fees. See Angevine, 2003 WL 23019165 at *10; Wahl v. Carrier Mfg. Co., Inc., 511 F.2d 209, 217 (7th Cir. 1975); Mihailovich v. Laatsch, 2002 WL 91897, at *4 (N.D. Ill. Jan. 24, 2002).

Plaintiff seeks to recover more than $500.00 in expenses incurred by seven assistants to deliver court documents, file motions, make copies, purchase books and pick up the settlement check, which will not be allowed. Time spent by legal assistants on clerical tasks, such as shopping, is not recoverable. Eli Lilly & Co. v. Zenith Goldline Pharmaceuticals, Inc., 264 F.Supp.2d. 753, 776 (S.D. Ind. 2003).

Plaintiff's request for costs also included postage and messenger service fees. Federal Express delivery charges, messenger service charges and package delivery costs are unrecoverable pursuant to 28 U.S.C. §1920. Telular Corp. v. Mentor Graphics Corp., 2006 WL 1722375, at *11 (N.D. Ill. June 16, 2006). A party must explain why it was necessary to use messenger services in order to recover such costs. Freedom Mortg. Corp. v. Burnham Mortg., Inc., 2008 WL 4534162, at *2 (N.D. Ill. Oct. 3, 2008). Plaintiff relies on Davis v. Budz, 2011 WL 1303435 (N.D. 2011 March 31, 2011), where the court awarded costs for messenger services. However, Davis is entirely distinguishable from this case. In Davis, the plaintiff was a civilly committed mental health patient who had limited e-mail access and was in the custody of the Illinois Department of Human Services. Davis, 2011 WL 130345, at *1-3. There, the plaintiff lacked the tools necessary to communicate with his attorney and thus it was necessary for counsel to rely heavily on messenger services. Id. Here, plaintiff has failed to explain why it was necessary to use the service and therefore those costs are denied.

This Court also refuses to permit Ms. Dworak's trial bar filing fee to be taxed to the client. Professional licensing and bar membership fees are the responsibility of the attorney and this Court finds it wholly unreasonable to tax that fee to the client.

Accordingly, this Court will allow plaintiffs' counsel costs in the amount of $30,165.84. This Court approves distribution of the settlement proceeds, less the attorney fees and costs enumerated herein, with 50% each to plaintiffs Laura Walsh and Daniel Walsh.